STD.25568

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA TRIPPODO, | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| V. | § | JURY |
| | § | |
| PARKWAY PROPERTY | § | |
| INVESTMENTS, LLC AND STANDARD | § | |
| PARKING CORPORATION, IL, | § | |
|    Defendants. | § | |

## DEFENDANT SP PLUS CORPORATION'S NOTICE OF REMOVAL

Defendant **SP PLUS CORPORATION** (formerly known as **STANDARD PARKING CORPORATION, IL**) ("SP Plus") files this Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332.

### I. INTRODUCTION

1. On or about October 26, 2020, Plaintiff Rebecca Trippodo ("Plaintiff") filed her Original Petition and Request for Disclosure ("Petition") against SP Plus and Co-Defendant Parkway Property Investments, LLC.

2. In her Petition, Plaintiff purports to assert causes of action for negligence and gross negligence against SP Plus. Plaintiff seeks damages for pain and suffering, medical expenses, and lost wages, and punitive damages, and pleads recovery in an amount in excess of $1,000,000.00.

### II. REMOVAL OF STATE COURT ACTION

3. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where

such action is pending." As demonstrated below, this action is removable under 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

### III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount of controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.    Complete Diversity Exists.**

5. Complete diversity exists because Plaintiff and both Defendants are citizens of different states.

6. Plaintiff is a citizen of Texas. Westlaw records show that Plaintiff is 67 years of age. She was issued her social security number in Texas in 1966-67. Her present address is a Post Office Box in Houston, Texas, which she has maintained as her address since 2005. Records further show Plaintiff residing in a condominium on Bering Street in Houston, Texas between 2008 and 2020, for which she is actively paying a mortgage. Records further show Plaintiff was residing at a multi-family residential building on Buffalo Speedway in Houston, Texas, between 2002 and 2007. Records further show Plaintiff was residing at a multi-family residential building on Law in Houston, Texas, in 2000. Records further show Plaintiff was residing at a single-family residential building on sages Stanley Drive in Houston, Texas, between 1996 and 2003. Phone records for Plaintiff identify area codes only for Texas (713, 281, and 832). All records regarding employment indicate that Plaintiff has maintained several positions over the years, all in Houston, Texas. Voting records indicate Plaintiff is registered as a voter in Harris County, Texas. No records suggest that in her 67 years, Plaintiff has lived any place other than Harris County, Texas. Plaintiff was involved in a family law matter in Harris County, filed on

July 23, 1980, *Trippodo v. Trippodo*, No. 198033389, filed in the 247th Judicial District Court of Harris County, Texas.

7.  Defendant SP Plus is a Delaware corporation with its principal place of business at Chicago, Illinois.

8.  Defendant Parkway Property Investments, LLC ("Parkway") has not yet entered an appearance in this cause. State court records indicate Parkway was served through its registered agent on November 4, 2020.  Records of the Texas Secretary of State show that Parkway is a foreign limited liability company licensed to do business in the State of Texas.  It was formed on September 25, 2017 and maintains an address at 800 N. Magnolia Avenue, Suite 1625, Orlando, Florida.  The records further show it has four members with the same address as stated immediately above.

9.  Because Plaintiff is a citizen of Texas and Defendants are citizens of Delaware, Illinois, and Florida, complete diversity exists among the parties.

**B.   The Amount in Controversy Exceeds $75,000.00.**

10.  Plaintiff has pleaded that her damages exceed $1,000,000.00[1]

### IV. ADDITIONAL REQUIREMENTS

11.  Venue for this Removal is proper in the U.S. District Court for the Southern District of Texas, Houston Division because this district and division includes Harris County, Texas – the location of the pending state court action.[2]

12.  Attached to or filed with this Notice of Removal are the following documents required by 28 U.S.C. § 1446(a) and S.D. TEX. LOC. R. 81 (these documents are hereby incorporated by reference in all respects):

---

[1] *See* Plaintiff's Original Petition, p. 7, ¶ 8.2.
[2] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2) (stating that the Houston Division of the Southern District includes Harris County).

    A.    All Executed Process:

        1.    Citation issued to SP Plus on October 27, 2020, and served on October 30, 2020;

        2.    Citation issued to Parkway on October 27, 2020, and served on November 4, 2020;

    B.    Pleadings:

        1.    Plaintiff's Original Petition, filed October 26, 2020;

        2.    Original Answer of SP Plus, filed November 23, 2020;

    C.    Orders Signed by the State Judge (None);

    D.    State Court Docket Sheet;

    E.    Index of Matters Being Filed;

    F.    A List of All Counsel of Record, Including Contact Information;

    G.    Defendant SP Plus' Certificate of Interested Parties; and

    H.    Civil Cover Sheet.

13. This Removal is timely.[3]

14. Written notice of the filing of this Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

15. This Notice of Removal is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

16. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

17. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, SP Plus respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

---

[3] *See* 28 U.S.C. § 1446(b).

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action should proceed in the United States District Court for the Southern District of Texas, as an action properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**FLETCHER, FARLEY**
**SHIPMAN & SALINAS, LLP**

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
ATTORNEY IN CHARGE
State Bar No. 24025946
**MARK D. HARDY, JR.**
State Bar No. 24087667
9201 N. Central Expressway, Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
dj.hardy@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT**
**SP PLUS CORPORATION f/k/a STANDARD**
**PARKING CORPORATION, IL**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 30th day of November, 2020.

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**