# EXHIBIT
# "B"

# EXHIBIT "B-1"

10/26/2020 1:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47521798
By: Monica Jackson
Filed: 10/26/2020 1:35 PM

**CAUSE NO. __________**

| | | |
|---|---|---|
| **REBECCA TRIPPODO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **PARKWAY PROPERTY INVESTMENTS, LLC AND STANDARD PARKING CORPORATION IL** | § § § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REBECCA TRIPPODO, Plaintiff, and files this petition, complaining of PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL, hereinafter referred to as Defendants, and for cause of action would show as follows:

## I.
## DISCOVERY CONTROL PLAN

1.1 Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3, and therefore requests this Court to enter a scheduling order which includes a discovery deadline date and a designation of expert deadline.

## II.
## PARTIES

2.1 Plaintiff is a resident of Houston, Harris County, Texas.

2.2 Defendant PARKWAY PROPERTY INVESTMENTS, LLC is a Texas limited liability company doing business in the State of Texas and can be served with citation by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

2.3 Defendant STANDARD PARKING CORPORATION IL is a Texas corporation doing business in the State of Texas and can be served with citation by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**II.**
**VENUE**

3.1 Venue is proper in this county of suit pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

**IV.**
**FACTS**

4.1 On or about February 21, 2019, Plaintiff REBECCA TRIPPODO was walking from her office located in One Greenway Plaza in Houston, Texas to the undergound HUB located at Three Greenway Plaza. Plaintiff was walking in the designated walkway that was painted with black shiny paint in the underground drive when suddenly and without warning she slipped on slippery walkway causing her to fall to the ground sustaining serious and permanent injuries and damages. As a result, Plaintiff sustained serious emotional and physical injuries, including but not limited to her wrist.

4.2 The property in question (including the common areas) was controlled and/or owned and/or occupied and/or managed by Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL

4.3 At all times relevant herein, Plaintiff was an invitee of the premises. At all times material herein, Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL retained control of the property in question, specifically including the portion of the premises that contained the defect described herein.

4.4 There were no cones, barriers, warning signs, barricades, or other warnings or deterrents of any kind present at the time Plaintiff fell so as to warn Plaintiff of the dangerous condition of the designated walkway. There was no warning whatsoever that the designated walkway was slippery or in a defective or unsafe condition.

**V.**

**DEFENDANTS' AGENTS AND EMPLOYEES**

5.1 Whenever it is alleged that Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL did any act or omission, it is meant that Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL's employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL or was done in the normal and routine course and scope of employment of such person. Under the doctrine of *Respondeat Superior*, Defendants, PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL are liable to the Plaintiff for the conduct or omissions of their employees, agents, officers, representatives or servants.

VI.
**CAUSES OF ACTION AGAINST DEFENDANTS**

**A. NEGLIGENCE**

6.1 The incident in question, as such is described above, was directly and/or proximately caused by the negligence of Defendants, as said Defendants, in violation of their legal duty to exercise ordinary care, failed to maintain a safe premise and to warn their invitees, of the dangerous condition, such dangerous condition being the defective and unsafe designated walkway.

6.2 Plaintiff complains that Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL were negligent, which negligence was a proximate cause of the occurrence and resulting injuries and damages to Plaintiff. Plaintiff complains that Defendants were negligent in one or more of the following respects:

a) Creating a dangerous/hazardous condition on the premises in question;

b) Failing to provide invitees, including Plaintiff, with a reasonably safe environment;

c) Failing to warn invitees, including Plaintiff of the dangerous condition on the premises;

d) Failing to properly supervise activities on the premises in question;

e) Failing to properly maintain designated walkways on the premises in question;

f) Failing to adequately hire personnel to properly maintain the premises in question;

g) Failing to adequately retain personnel to properly maintain the premises in question;

h) Failing to adequately train personnel to properly maintain the premises in question; and

i) Failing to adeqately monitor and/or supervisive personnel to properly maintain the premises in question;

6.2 Each of the foregoing acts and/or omissions of Defendants, singularly or in combination, constitutes negligence and was a proximate cause of Plaintiff's injuries and damages.

**B. PREMISES LIABILITY**

6.3 Pleading in the alternative, on or about February 21, 2019, Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD PARKING CORPORATION IL were in possession of the premises in question, and including the walkway in question where Plaintiff fell and was injured, and which forms the basis of this suit.

6.4 At all times material herein, Plaintiff was a invitee of Defendants, and therefore Defendants owed Plaintiff the duty owed an invitee.

6.5 As such, Defendants owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendants knew or should have known about the slippery designated walkway where Plaintiff fell and that same was present in a defective and dangerous condition, and that the slippery designated walkway was in such a condition that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendants breached their duty of ordinary care to Plaintiff by both failing to warn Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas

law.

6.6 Each and all of the aforementioned acts of omission and commission, whether taken singularly or collectively, as well as those yet to be discovered, constitute negligence and all of such acts were violations of the duty of ordinary care which Defendants owed to Plaintiff and are the direct and/or proximate cause of the incident made the basis of this suit and of Plaintiff's injuries and damages.

## VII.
## GROSS NEGLIGENCE CLAIMS AGAINST ALL DEFENDANTS

7.1 Plaintiff alleges that all the acts, conduct, and/or omissions on the part of the Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. In committing each of the above and foregoing acts or omissions of Defendants were acting with malice or gross neglect as those terms are defined in Chapter 41 of the Texas Civil Practice & Remedies Code. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## VIII.
## DAMAGES

8.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered severe injuries and damages. Specifically, Plaintiff suffered the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Lost wages in the past;

d. Loss of wages in the future;

e. Loss of earning capacity in the past and future;

f. Loss of earning capacity, which will in all reasonable probability be incurred in the future;

g. Physical pain and suffering in the past;

h. Physical pain and suffering in the future;

i. Mental anguish in the past;

j. Mental anguish in the future;

k. Prejudgment and post-judgment interest.

8.2 By reason of the above, Plaintiff has suffered losses and damages in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court. Plaintiff states that she completely and fully relies on the discretion of a jury to determine the amount to be awarded in this case. At this time, Plaintiff believes her damages to be over $1,000,000.00. However, Plaintiff reserves the right to increase, decrease, or otherwise amend this amount prior to or during trial dependent on the outcome of the evidence.

**IX.**
**EXEMPLARY DAMAGES**

9.1 Plaintiff seek exemplary damages, in an amount that the jury may award in its discretion as an example to others and as a penalty or by way of punishment. In that connection, the jury should be instructed that there are certain factors that they may consider which include but are not limited to the following:

1. The nature of the wrong;

2. The character of the conduct involved;

3. The degree of culpability of the wrongdoer;

4. The situation and sensibilities of the parties concerned;

5. The extent to which such conduct offends a public sense of justice and propriety;

6. The net worth of Defendants; and,

7. Inconvenience, attorney's fees, expenses of litigation, and other expenses not recoverable as actual damages.

9.2 In that connection, the jury should be entitled to consider evidence of actual damages so as to award a proportional award of exemplary damages. The "greater weight of the evidence" burden of proof applies to a determination of the amount of damages.

**X.**
**REQUEST FOR DISCLOSURES**

10.1 Under Texas Rule of Civil Procedure 194, Plaintiff request that Defendants disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

**XI.**
**REQUEST FOR JURY TRIAL**

11.1 Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby formally makes this demand for a jury trial in this litigation and has tendered the appropriate fee with the filing of this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff REBECCA TRIPPODO prays that Defendants PARKWAY PROPERTY INVESTMENTS, LLC and STANDARD

PARKING CORPORATION IL be cited to appear and answer herein, and that upon final trial, she has judgment against said Defendants with interest thereon at the legal rate, for costs of court, and for such other and further relief to which she may show herself justly entitled.

Respectfully Submitted,

**ANTHONY PETERSON, LLP.**

By: */s/ Adam Anthony*
Adam Anthony
State Bar No. 24087109
aanthony@anthony-peterson.com
Brett Anthony
State Bar No. 00793272
banthony@anthony-peterson.com
Douglas P. Peterson
State Bar No. 00797240
dpeterson@anthony-peterson.com
500 North Water Street, Suite 1000
Corpus Christi, Texas 78401
Telephone: (361) 687-1000
Facsimile: (361) 687-1010

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT
# "B-2"

11/23/2020 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48359592
By: Devanshi Patel
Filed: 11/23/2020 4:05 PM

**STD.25568**

**CAUSE NO. 2020-68668**

| | | |
|---|---|---|
| **REBECCA TRIPPODO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **PARKWAY PROPERTY INVESTMENTS, LLC AND STANDARD PARKING CORPORATION, IL,** | § | |
| **Defendants.** | § | **127th JUDICIAL DISTRICT** |

**DEFENDANT STANDARD PARKING CORPORATION, IL'S**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **SP PLUS CORPORATION** (formerly known as **STANDARD PARKING CORPORATION, IL**) now comes and files its Original Answer to Plaintiff's Original Petition. In support of same, Defendant would respectfully show unto the Court as follows:

**I.**
**GENERAL DENIAL**

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

**II.**

Defendant more specifically denies that it, by and through its representatives and employees, had any actual or constructive knowledge of an unreasonably dangerous condition in the area where Plaintiff allegedly fell. Without any knowledge of an unreasonably dangerous condition, Defendant would not know to warn others of such condition.

**III.**

Pleading further, in the alternative, and by way of affirmative defense, Defendant would show that the condition of which Plaintiff complains was open and obvious or was a condition of

which Plaintiff had actual or constructive knowledge. Because Plaintiff was aware or should have been aware of the alleged dangerous condition, the condition did not pose an unreasonable risk and Defendant owed no duty to Plaintiff to warn of the alleged condition or make such condition safe.

**IV.**

Pleading further, in the event that Defendant is found to be liable to Plaintiff under any theory of negligence or other cause of action under law, Defendant asserts the doctrine of comparative causation as provided under Texas law, requiring that the harm caused by the negligence of Plaintiff be compared by the trier of fact with the harm, if any, caused by the alleged negligence of Defendant. For further answer, and in the alternative, Defendant alleges that Plaintiff's claims are barred or reduced due to the negligence of Plaintiff, which contributed to or proximately caused the injuries and damages alleged by Plaintiff in Plaintiff's Original Petition. Defendant, therefore, would respectfully request that the trier of fact consider Plaintiff's own negligence in the determination of facts and apportionment of liability in this matter.

**V.**

In the event that Defendant is found to be liable to Plaintiff and in the event that Plaintiff's injuries are found to have been caused by the incident made the basis of this lawsuit, Defendant pleads that Plaintiff's recovery of medical and health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff. TEXAS CIVIL PRACTICE & REMEDIES CODE §41.015.

**VI.**

Pleading further, Defendant seeks the application of Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Specifically, Defendant maintains that Plaintiff, "if seeking recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value

and/or loss of inheritance, must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax Law."

**VII.**

Pleading further, and in the alternative, without waiving the foregoing, Defendant states that no party is entitled to recover punitive damages or exemplary damages in any form or fashion in this alleged cause of action, in that it would violate this Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas, as follows:

(a) The Contracts Clause of Article 1, Section 10, of the United States Constitution is violated because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules. Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment, and fair notice of a range of any monetary punishment that may be imposed for deviation from the standard. Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place.

(b) Due process requires proof of gross negligence and punitive damages by a standard greater than the "clear and convincing evidence" standard. Lack of a sufficient standard governing punitive damages awards in Texas violates the due process clause of the Constitution of the United States.

(c) The assessment of punitive damages, a remedy that is essentially criminal in nature, without the safeguards greater than that afforded by Texas civil procedure and law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

(d) Punitive damages under Texas civil procedure and law constitute an excessive fine and/or cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States.

**VIII.**

Pleading further, and in the alternative, without waiving the foregoing, Defendant would further show that the submission to the jury of "specific questions" permitting an actual or potential recovery of punitive or exemplary damages is inappropriate and impermissible due to the following:

(a) There is no evidence and/or insufficient evidence to warrant the submission of specific questions to the trier of fact allowing an actual or potential recovery of punitive or exemplary damages, and an affirmative answer by the trier of fact to such specific questions would be supported by no evidence and/or by insufficient evidence.

(b) Punitive or exemplary damages are criminal or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt, and the failure to require such is a denial of due process of law and a denial of equal protection of the law under the Constitutions of the United States and Texas.

(c) An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the Constitutions of the United States and Texas.

(d) It is a denial of due process of law and of equal protection of the law under the Constitutions of the United States and Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which are awarded on the basis of acts or omissions of employees, agents, or representatives of the corporation based on the doctrine of *respondeat superior* or any other vicarious liability doctrine.

(e) Punitive and/or exemplary damages provide unjust enrichment to Plaintiff by an unconstitutional taking of property without due process pursuant to the Constitutions of the United States and Texas.

(f) Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that, both on its face and in application, it denies Defendant due process of law and equal protection of the law under the Constitutions of the United States and Texas.

(g) Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and further prevents effective judicial review of such punitive or exemplary damage awards.

(h) Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals in their actions, thus constituting an *ex post facto* law prohibited by the Constitutions of the United States and Texas.

(i) An award of punitive or exemplary damages would violate the Excessive Fines Clause and/or the Cruel and Unusual Punishments Clause of the Eighth Amendment as applied through the Fourteenth Amendment of the Constitution of the United States.

**IX.**

Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the

jury, not to exceed $750,000.00; or (2) two times the amount of economic damages plus $200,000.00, pursuant to the statutory mandates of TEXAS CIVIL PRACTICE & REMEDIES CODE §41.002-41.009, including the increased burden of proof.

**X.**
**JURY DEMAND**

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury. A jury fee has been paid.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **SP Plus Corporation** (formerly known as **Standard Parking Corporation, IL**) prays that Plaintiff takes nothing by this suit, that Defendant be awarded its costs, and for such other and further relief, both general and special, at law or in equity, to which this Defendant may show itself to be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY**
**SHIPMAN & SALINAS, LLP**

*<u>/s/ Fernando P. Arias</u>*
**FERNANDO P. ARIAS**
State Bar No. 24025946
**MARK D. HARDY, JR.**
State Bar No. 24087667
9201 N. Central Expwy., Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 fax
fred.arias@fletcherfarley.com
dj.hardy@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT**
**SP PLUS CORPORATION** (formerly known as
**STANDARD PARKING CORPORATION, IL**)

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied, hand delivered, or electronically transmitted to all attorneys of record in this cause of action, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on the 23rd day of November, 2020.

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**