United States District Court
Southern District of Texas
ENTERED
May 21, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| REBECCA TRIPPODO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-04063 |
| | § | |
| SP PLUS CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff's Opposed Motion for Leave to File Second Amended Complaint ("Motion for Leave"). *See* Dkt. 15. After reviewing the briefing, analyzing the case law, and hearing oral argument, I recommend that the Motion for Leave be **GRANTED**. Because the proposed amendment destroys diversity jurisdiction, this case should be remanded to state court.

## BACKGROUND

On February 21, 2019, Plaintiff Rebecca Trippodo ("Trippodo") contends that she fell on a slippery walkway in the underground parking garage near her office in Greenway Plaza. As a result of the incident, Trippodo maintains that she sustained serious emotional and physical injuries. She filed a lawsuit in state court against Parkway Property Investments, LLC ("Parkway Property") and Standard Parking Corporation IL ("SP Plus"), seeking more than $1 million in damages. According to Trippodo, Parkway Property and SP Plus were responsible for maintaining safe premises because they controlled, owned, occupied, or managed the property where the accident occurred.

SP Plus timely removed the case to federal court based on diversity jurisdiction. Shortly thereafter, Trippodo asked—and received—permission to file a First Amended Complaint. The amended pleading added SP Plus Corporation, GWP East, LLC, and EOLA Capital LLC as defendants. Trippodo alleges that these

additional entities were also responsible for the management, safety, and security of the premises in question.

Less than a month after filing the First Amended Complaint, Trippodo sought leave to file a Second Amended Complaint. This time around, Trippodo asked to add Taylor Waterproofing Plus, Inc. ("Taylor Waterproofing"), a non-diverse defendant, to the lawsuit. Trippodo's counsel maintains that he learned about this additional defendant during the parties' Rule 26(f) conference. The proposed Second Amended Complaint brings gross negligence claims against all defendants, premises liability claims against all defendants (other than Taylor Waterproofing), and a negligence claim against Taylor Waterproofing. As far as the specific allegations directed at Taylor Waterproofing, the proposed Second Amended Complaint alleges that several of the defendants contracted with Taylor Waterproofing "to paint and/or mark the walkway in question." Dkt.15-1 at 6. Trippodo claims that the defendants, including Taylor Waterproofing, "owed [her] a duty to exercise ordinary care to keep the premises in a reasonably safe condition and give her adequate warnings of any dangers." *Id.* Trippodo also alleges that Taylor Waterproofing was negligent in one or more of the following ways:

> a) Creating a dangerous/hazardous condition on the premises in question;
>
> b) Failing to provide invitees, including Plaintiff, with a reasonably safe environment;
>
> c) Failing to warn invitees, including Plaintiff[,] of the dangerous condition on the premises;
>
> d) Failing to apply non-slip paint and/or markings in a designated walkway;
>
> e) Failing to discover and correct the inadequacies of the condition of the designated walkway; and
>
> f) Failing to properly maintain designated walkways on the premises in question.

*Id.* at 8–9.

Defendants SP Plus and SP Plus Corporation (collectively, "the SP Defendants") oppose Trippodo's effort to amend the lawsuit to add Taylor Waterproofing. The SP Defendants vociferously assert that Taylor Waterproofing is not a proper party because, according to them, Taylor Waterproofing did not paint the crosswalk at issue or perform any work in the area in which Trippodo fell.

The pending Motion for Leave is important because my ruling determines the forum in which this case will proceed. If Taylor Waterproofing, a non-diverse defendant, is added to the case as a party, diversity jurisdiction will be destroyed, and this case will have to be remanded to state court. If, on the other hand, the Motion for Leave is denied, the case will remain here in federal court.

## LEGAL STANDARD

Federal court practitioners are well-aware of the liberal pleading standard that applies when a party seeks to amend a complaint. Indeed, Rule 15(a) specifically provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). With this rule in mind, the United States Supreme Court has held that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although the general rule is that leave to amend a complaint shall be readily allowed, a unique situation arises when a plaintiff seeks to amend a complaint by adding a nondiverse party to a case previously removed to federal court. In such a case, the court's decision on whether to permit the filing of an amended complaint will determine whether the case ultimately proceeds in state or federal court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder [and retain jurisdiction], or permit joinder and remand the action to

the State court."). Because of the importance such an amendment will have on the forum in which the case is litigated, the Fifth Circuit has held that the district court should "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit identified four factors a district court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *See id. See also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors.").

## ANALYSIS

In the analysis that follows, I carefully consider the *Hensgens* factors. I find that three of the factors weigh heavily in favor of granting the Motion for Leave while one factor is neutral or weighs slightly in favor of granting the Motion for Leave.

**Factor 1: Is the primary purpose of the amendment to defeat diversity jurisdiction?** "In analyzing the first *Hensgens* factor, courts take into account considerations such as whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed [and] whether the plaintiff states a valid claim against the nondiverse defendant." *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016).

Here, there is no suggestion that Trippodo knew about Taylor at the time the state court lawsuit was filed, nor is there any claim that Trippodo should have known about Taylor Waterproofing at that time. Apparently, Trippodo first learned about Taylor Waterproofing on February 12, 2021, during the Rule 26(f)

conference in this case. That same day, Trippodo asked this Court to allow her to amend her complaint to add Taylor Waterproofing as a party. Accordingly, these circumstances weigh in favor of allowing the joinder of Taylor Waterproofing. *See In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435–36 (E.D. Tex. 1995) (granting leave to add nondiverse party whose identity was revealed by post-removal discovery but denying leave to add non-diverse party where plaintiffs "could have easily done so when the suit was originally filed in state court").

Nevertheless, the SP Defendants may "prevent joinder by arguing that there is no colorable claim against" Taylor Waterproofing. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999). To determine whether a plaintiff has stated a valid or colorable claim, the Fifth Circuit has instructed district courts to utilize the same standard applied to a motion to dismiss under Rule 12(b)(6). *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). *See also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) ("There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim."). The question I must answer, therefore, is whether Trippodo has pled enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (construing the pleading standard on a Rule 12(b)(6) challenge).

Accepting all well-pleaded facts in the proposed Second Amended Complaint as true and viewing them in the light most favorable to Trippodo, *see Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 481–82 (5th Cir. 2021), it is clear that the proposed Second Amended Complaint satisfies Rule 12(b)(6).[1] Trippodo

[1] At first blush, one might think that Trippodo's proposed claims against Taylor Waterproofing are futile because they are barred by the statute of limitations. Trippodo was injured on February 21, 2019, and the two-year Texas statute of limitations expired on February 21, 2021, without an amended complaint identifying Taylor Waterproofing on file. But the Fifth Circuit has held that the limitations period is tolled during the pendency of a motion for leave to amend the complaint. *See Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) (citing *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir.

sufficiently sets forth both the factual basis and the legal basis for valid and colorable negligence and gross negligence claims against Taylor Waterproofing.[2] Of course, my job at this stage is to simply determine whether Trippodo has adequately stated a claim, not to assess whether she will be able to prove that claim at trial.

In opposing Trippodo's request to add Taylor Waterproofing to the case, the SP Defendants argue that the allegations in the Second Amended Complaint are flat-out false. According to the SP Defendants,

> Taylor Waterproofing had no involvement with regard to the crosswalk where Ms. Trippodo's incident occurred. Taylor Waterproofing never performed any services on the actual crosswalk. Specifically, Taylor Waterproofing did not (1) paint the crosswalk, (2) alter, repair[,] or conduct any activity with respect to the crosswalk, or (3) maintain the crosswalk.

Dkt. 32 at 1 (emphasis omitted). In support of these propositions, the SP Defendants have presented a declaration from SP Plus's Director of Transportation and an affidavit from Taylor Waterproofing's Corporate Risk Manager. In effect, the SP Defendants are asking me to "pierce the pleadings," and conduct some sort

---

1993)) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."). Because Trippodo filed the Motion for Leave on February 12, 2021, well within the limitations period, her claim against Taylor Waterproofing is not barred by limitations even though there is not an active claim against Taylor Waterproofing on file in federal court.

[2] Under Texas law, a negligence claim requires a plaintiff to show that: (1) the defendant owed a legal duty or duties to the plaintiff; (2) the defendant breached such duty or duties; and (3) the breach was the proximate cause of the plaintiff's damages. *See Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence claim *and* demonstrate clear and convincing evidence of "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006).

of factual inquiry to determine whether Trippodo's proposed negligence and gross negligence claims have any merit. I decline the invitation.

In a related context, the Fifth Circuit has held that when determining whether a defendant has been fraudulently joined in a state court pleading to preclude removal, the general rule is that "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The discretion to pierce the pleadings does not usually extend beyond consideration of a motion to remand, and I do not have the right to pierce proposed federal court pleadings filed after removal to assess the underlying merits of plaintiff's claims as part of the *Hensgens* inquiry. *See Cobb*, 186 F.3d at 677 ("The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed."); *In re Intercontinental Terminals Co., Deer Park Fire Litig.*, No. 4:19-CV-1460, 2021 WL 1200892, at *6 (S.D. Tex. Mar. 22, 2021) (applying a Rule 12(b)(6) analysis rather than allowing a defendant to pierce the pleadings when deciding a motion for leave to join a non-diverse defendant to a suit already pending in federal court). Under *Hensgens*, I must determine whether the four corners of the proposed amended complaint states a colorable claim against the potentially new party. As discussed above, Trippodo's proposed amended complaint does state a colorable claim to relief against Taylor Waterproofing.

Even if I did pierce the pleadings and review the evidence presented by the SP Defendants, I would still find that Trippodo has stated a colorable claim against Taylor Waterproofing. The proposed Second Amended Complaint alleges, in part, that Taylor Waterproofing had a duty to inspect and maintain the crosswalk in a reasonably safe condition. This allegation remains unchallenged. The sworn testimony provided by representatives of the SP Defendants and Taylor

Waterproofing simply states that Taylor Waterproofing did not perform services of any kind on the crosswalk where Trippodo fell. But the evidence notably does not address whether Taylor Waterproofing was supposed to maintain the crosswalk in a safe condition. At this stage, Trippodo's allegations of negligence and gross negligence adequately state a valid and colorable claim, satisfying the Rule 12(b)(6) pleading standard.

**Factor 2: Was Trippodo dilatory in seeking amendment?** As noted, Trippodo did not learn about the existence of Taylor Waterproofing until the Rule 26(f) conference held on February 12, 2021. That same day, Trippodo sought leave to add Taylor Waterproofing as a defendant. This factor clearly supports allowing Trippodo to join Taylor Waterproofing to this lawsuit.

**Factor 3: Will Trippodo be significantly injured if the amendment is not allowed?** The third *Hensgens* factor requires me to consider whether Trippodo will be prejudiced if she is not allowed to file an amended complaint. This factor weighs in favor of allowing an amendment when "denial of the amendment would significantly injure Plaintiff by forcing her to undergo the delay and expense of trying in two courts what was essentially the same action." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001). That is exactly the situation we have here.

It is hard to conjure up a cogent argument as to why separate lawsuits arising out of Trippodo's February 2019 fall should proceed in dual forums simultaneously—one federal court lawsuit against Parkway Property, the SP Defendants, GWP East, LLC, and EOLA Capital LLC, and a completely separate state court case against Taylor Waterproofing. Requiring Trippodo to pursue parallel proceedings in state and federal court would lead to obvious inefficiencies, and quite possibly, inconsistent rulings and results. This factor thus favors amendment.

**Factor 4: Other equitable factors?** The purpose of the fourth *Hensgens* factor is to assess whether there are "any other factors bearing on the equities."

*Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 769 (5th Cir. 2016) (quotation omitted). The SP Defendants do not identify any equitable reason to deny Trippodo the opportunity to amend her lawsuit. Trippodo argues that because all her claims are based on state law, Defendants are not likely to suffer any prejudice in the event the case is sent back to state court. I agree. All in all, I conclude that the fourth *Hensgens* factor is either neutral or slightly favors Trippodo.

***

In sum, three of the *Hensgens* factors strongly favor permitting Trippodo to add Taylor Waterproofing, while one factor is either neutral or slightly favors Trippodo. Importantly, not one of the *Hensgens* factors tilts towards denying Trippodo's request to amend the complaint.

## CONCLUSION

Considering the four *Hensgens* factors together leads me to the inescapable conclusion that Trippodo's Motion for Leave should be **GRANTED**, and Trippodo should be given the opportunity to file the proposed Second Amended Complaint, adding Taylor Waterproofing as a party. Because Taylor Waterproofing is a nondiverse defendant, the filing of the Second Amended Complaint will divest this Court of jurisdiction to hear the matter. As a result, I further recommend that this case be remanded to the 127th Judicial District Court of Harris County, Texas.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

Signed this 21st day of May 2021.



ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE